Colcock, J.
delivered the opinion of the Court.
On the first ground taken iu this case, we are unanimously of opinion, that the motion must be refused. It is true, as a general rulo, that when a man is on his trial for one offence, it is not competent to prove that he has committed other distinct and substantive offences. But in such cases as the present, it is competent, in order to prove the scienter, to shew that the prisoner has passed other' counterfeit notes of a similar character, and that he has such in his possession ; for although these may be the foundation of other prosecutions, yet they afford evidence, and sometimes very strong evidence, of the knowledge of the falsity of the paper, on which the indictment is founded. They may be considered, in fact, in such cases, as a part, of the same act; for what is the charge 1 That the prisoner passed the note, "knowing it to be counterfeit. Now his having a number of others, of the same description, is evidence of a general guilty purpose, of which the act under consideration is only a part. *302 One may by accident come into the possession of a single counterfeit note, or coin, but when he is possessed of many, or passes many, it must be attributed to something more than accident. The objection to the testimony, is, that the prisoner is taken by surprise. But that cannot be the case ; for when he is charged, which must always be before he is tried, he is apprized of the importance and bearing of such facts, and, therefore, may be prepared to explain them, if in his power to do so. ■
But this is a point which has long been settled by' solemn adjudications. All the elementary books state that such evidence is admissible. Mr. Starkie, in his Treatise on Evidence, says, “ In order to shew the guilty knowledge, of the defendant, evidence is admissible, that he uttered other base coin, to other persons, on the same day, or perhaps oil other days, near the time of committing the offence. And this, upon the general principle, that the conduct of a prisoner is admissible in evidence, to prove a guilty knowledge. In such cases, indeed, where the intention does not appear from the transaction itself, it must be inferred from other facts and circumstances. Such previous utterings are, therefore, evidence, although they may be, in themselves, substantive offences. The whole demeanor of the prisoner, may afford pregnant evidence of his mind and intention ; for it is a general rule, that where crimes intermix, and one is evidence, to prove another, the Court must go through the whole detail.” 2 Stark. Ev. 4 part 378 9.
In the case of the King v. Wylie, 4 Bos. and Pul. 92, Lord Ellenborough expressly recognizes this doctrine, and cites a case where a man committed three burglaries in one night, and in doing so, took a shirt at one place, and left it at another ; and they were all considered, as so connected, that the Court^vent through the history of the three burglaries. He observes, “ the more detached, in point of time, the previous utterings are, the less relation they will bear to that stated in the indictment; but in such case, the only question would be, whether the evidence was sufficient to warrant the inference ; it would not make the evidence inadmissible.” Ib.94. And one other of his remarks bears with peculiar force on this case. He says, “ by admitting such evidence, circumstances may come out, which will leave no doubt that the prisoner knew what sort of paper *303 he was passing.” Ib. In the case before us, it appears, that the bodies of both notes were in the hand-writing of the prisoner.
So in a later case, the King v. Ball, 1 Camp. 324, it was held to be admissible, to prove the scienter, that the. prisoner, a short time before, uttered another forged bank note of the same manufacture, and that a number of others, likewise of the same -manufacture, with his hand-writing on the back of them were in circulation. Perhaps this case goes too far, as to the latter' fact.
The second ground is one of evidence alone; for it being '•established that such evidence is generally competent, the fact of the prisoner’s having been tried and acquitted on the note, which was produced in evidence, cannot affect the principle, although it, may weaken the force of the evidence. Under the circumstances, it was made to appear to the jury, that the acquittal proceeded from a defect in the indictment; but it may have proceeded from the absence of witnesses. It does not follow, that because a man is acquitted, he is innocent: the legal consequence is, that he cannot bp tried again. But still he may have been guilty, and this guilt may be shewn in a collateral matter.